UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| TERRY PYLES, ) | |
|    Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 22-1363 |
| ) | |
| STEPHEN BROWN, et. al., ) | |
|    Defendants ) | |

MERIT REVIEW ORDER

JAMES E. SHADID, U.S. District Judge:

This cause is before the Court for merit review of the Plaintiff's complaint. The Court is required by 28 U.S.C. §1915A to "screen" the Plaintiff's complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915A.

Shortly after filing his complaint, Plaintiff submitted another complaint which was filed as a Motion for Leave to File an Amended Complaint. [7]. The motion is granted pursuant to Federal Rule of Civil Procedure 15 and the Court will consider the claims in the most recent complaint. [7]

Plaintiff's amended complaint identifies four Defendants including Officers Ryan Sterebing, Alex Freshour, and Stephen Brown, and unspecified "Departments."[1] (Amd.

---

[1] Although "Departments" is not identified in the Court's docket as a Defendant, Plaintiff did include "Departments (Monell)" in the caption of his amended complaint. (Amd. Comp, p. 1).

Comp, [7], p. 1). Plaintiff details his arrest in Normal, Illinois on September 14, 2022, shortly after he exited the train station. Plaintiff claims Officers Sterebing and Freshour stopped him without probable cause or a warrant and searched his backpack. Officers claim to have found several grams of methamphetamines and arrested Plaintiff.

Plaintiff says he was indicted based on the testimony of Detective Stephen Brown even though the officer was not present during the stop. Plaintiff says the indictment is based on perjured or fabricated allegations.

Plaintiff then lists 19 separate violations including due process, illegal arrest, illegal search, false imprisonment, conspiracy, right of access to courts, due process, etc.

A search of McLean County public records indicates Plaintiff is currently in the McLean County Jail charged with methamphetamine trafficking and a status conference is scheduled for February 15, 2023.[2] However, it is unclear if the Defendants were employed by the Bloomington or Normal Police Departments or the Illinois State Police or some combination of these agencies.

Plaintiff has failed to state a claim against Officer Brown based on his testimony before the grand jury. "It is well settled that a witness—even a police officer—who gives perjured testimony before the grand jury or at a criminal trial is absolutely immune from later suit under 42 U.S.C. § 1983." *Stanley v. City of Centreville*, 2009 WL 779758, at *3 (S.D.Ill. March 23, 2009), *citing Briscoe v. LaHue,* 460 U.S. 325, 326 (1983)(a

---

[2] MCLEAN COUNTY GOVERNMENT, Public Access Records, https://publicaccess.mcleancountyil.gov/PubAC_App_Date.aspx

police officer who gave perjured testimony at a plaintiff's criminal trial was absolutely immune from subsequent damages liability under Section 1983 "even if the witness knew the statements were false and made them with malice");  *Kinkaide v. Eberle,* 712 1023, 1023–24 (7th Cir.1983) (applying *Briscoe* to grand jury witnesses).

Plaintiff has also failed to state a claim against any unspecified department. Liability under § 1983 can be imposed on governmental entities only if the underlying constitutional deprivation resulted from the execution of an official custom, policy, or practice. *See Monell v. Department of Social Services,* 436 U.S. 658, 694, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). Plaintiff has not alleged any custom, policy, or practice of any police department lead to his alleged constitutional deprivations.

In addition, it is not sufficient to provide a list of multiple potential violations without providing a factual basis to support each claim.  However, it appears Plaintiff has alleged Defendants Sterebing and Freshour violated his Fourth Amendment rights.

> A Fourth Amendment claim arising from a warrantless arrest without probable cause (and a search incident to that arrest) accrues at the time of arrest. It is not subject to the rule of *Heck v. Humphrey,* since a wrongful arrest and search does not *necessarily* invalidate a conviction; even if the evidence known to the police would not justify the arrest and search, other evidence discovered later could support a v valid conviction. *Rankins v. Winzeler*, 2003 WL 21058536, at *6 (N.D.Ill. May 9, 2003)(emphasis in original), *citing Snodderly v. R.U.F.F. Drug Enforcement Task Force,* 239 F.3d 892, 897–99 (7th Cir.2001)

Nonetheless, when a plaintiff files a false arrest or similar claim prior to the resolution of his state court criminal charges, "it is in the power of the district court, and in accord with common practice, to stay the civil action until the criminal case or the likelihood of a criminal case is ended." *Wallace v. Kato,* 549 U.S. 384, 393–94 (2007).

3

Therefore, the Court will attempt service of process on Defendants Sterebing and Freshour. If the state court criminal case is still pending after service, Defendants may file a motion to stay these proceedings until resolution of Plaintiff's criminal charges.

IT IS THEREFORE ORDERED:

1) Pursuant to its merit review of the complaint under 28 U.S.C. § 1915A, the Court finds the Plaintiff alleges Defendants Ryan Sterebing and Alex Freshour violated Plaintiff's Fourth Amendment rights during a September 14, 2022, stop and arrest. The claim is stated against the Defendants in their individual capacities only. Any additional claims shall not be included in the case, except at the Court's discretion on motion by a party for good cause shown or pursuant to Federal Rule of Civil Procedure 15.

2) This case is now in the process of service. Plaintiff is advised to wait until counsel has appeared for Defendants before filing any motions, in order to give Defendants notice and an opportunity to respond to those motions. Motions filed before Defendants' counsel has filed an appearance will generally be denied as premature. Plaintiff need not submit any evidence to the Court at this time, unless otherwise directed by the Court.

3) The Court will attempt service on Defendants by mailing each Defendant a waiver of service. Defendants have 60 days from service to file an Answer. If Defendants have not filed Answers or appeared through counsel within 90 days of the entry of this order, Plaintiff may file a motion requesting the status of

service. After Defendants have been served, the Court will enter an order setting discovery and dispositive motion deadlines.

4) With respect to a Defendant who no longer works at the address provided by Plaintiff, the entity for whom that Defendant worked while at that address shall provide to the Clerk said Defendant's current work address, or, if not known, said Defendant's forwarding address. This information shall be used only for effectuating service. Documentation of forwarding addresses shall be retained only by the Clerk and shall not be maintained in the public docket nor disclosed by the Clerk.

5) Defendants shall file an answer within 60 days of the date the waiver is sent by the Clerk. A motion to dismiss is not an answer. The answer should include all defenses appropriate under the Federal Rules. The answer and subsequent pleadings shall be to the issues and claims stated in this Order. In general, an answer sets forth Defendants' positions. The Court does not rule on the merits of those positions unless and until a motion is filed by Defendants. Therefore, no response to the answer is necessary or will be considered.

6) Once counsel has appeared for a Defendant, Plaintiff need not send copies of his filings to that Defendant or to that Defendant's counsel. Instead, the Clerk will file Plaintiff's document electronically and send a notice of electronic filing to defense counsel. The notice of electronic filing shall constitute service on Defendants pursuant to Local Rule 5.3. If electronic service on Defendants is not available, Plaintiff will be notified and instructed accordingly.

7) Counsel for Defendants is hereby granted leave to depose Plaintiff at his place of confinement. Counsel for Defendants shall arrange the time for the deposition.

8) Plaintiff shall immediately notify the Court, in writing, of any change in his mailing address and telephone number. Plaintiff's failure to notify the Court of a change in mailing address or phone number will result in dismissal of this lawsuit, with prejudice.

**9) If Plaintiff's state court criminal case is still pending, Defendants may file a motion to stay until resolution of the criminal charges with information regarding the current status of the case.**

**IT IS FURTHER ORDERED THAT THE CLERK IS DIRECTED TO:**

1) Grant Plaintiff's Motion for Leave to File an Amended Complaint. [7]; 2) Dismiss Defendants Stephen Brown and "Departments" for failure to state a claim upon which relief can be granted pursuant to by 28 U.S.C. §1915A; 3) Attempt service on Defendants pursuant to the standard procedures; and 4) Set an internal court deadline 60 days from the entry of this order for the court to check on the status of service and enter scheduling deadlines.

ENTERED this 14th day of February, 2023.

s/ James E. Shadid

_____
JAMES E. SHADID
UNITED STATES DISTRICT JUDGE